Paul Peters (6967)
459 Hana Hwy.
Paia HI 96779
Telephone (435) 901-2149

MOORE & ASSOCIATES
Bruce Cully Moore, OSB. 80315 (*pro hac vice*)
Scott J. Mahady, OSB. 06418
96 E. Broadway, Suite 7
Eugene, Oregon 97401
Telephone: 1-541-345-2691
Bruce@mooreslaw.com
Attorneys for Kennth W. Griswold

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **KENNETH W. GRISWOLD**,<br><div align="right">Plaintiff,</div><br>v.<br><br>**SNOW, CHRISTENSEN and MARTINEAU**,<br><div align="right">Defendants.</div> | Case No.  2:08-CV-197 DN<br><br>**KENNETH GRISWOLD'S OPPOSITION TO SNOW, CHRISTENSEN and MARTINEAU'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DAMAGES**<br><br>Plaintiff requests Oral Argument |

Plaintiff Kenneth Griswold ("Griswold") submits this response and opposition to Defendant Snow Christensen and Martineau's motion in limine to exclude evidence of damages at trial.  Plaintiff requests oral argument on this motion.

A.  Relevant Background Information

This action is a breach of fiduciary duty case brought against Griswold's prior attorney for breach of the duty of loyalty and confidentiality.  The breach of loyalty claim is based on Snow's undertaking the simultaneous representation of Griswold and two adverse parties, American Skiing Company, and ASC Utah, Inc. (Collectively "ASC Parties").  Griswold is a managing member with a substantial membership interest in Wolf Mountain Resorts, L.C.  Wolf Mountain Resorts, L.C. ("Wolf

Mountain Resorts") has leased to the ASC Parties the right to operate and develop The Canyons Ski Resort through a 1997 Ground Lease.  Wolf Mountain Resorts and the ASC Parties have been engaged in significant litigation since 2007, over the performance of the 1997 Ground Lease.

Griswold's claim for breach of confidentiality is based on the actions of Snow during the course of this other litigation between Wolf Mountain Resorts and the ASC Parties.

B.  Griswold Provided a Timely and Exact Computation of Damages

Plaintiff provided Defendant with a timely computation of damages in his response to Snow's second set of interrogatories.  The disclosures by Griswold include identifying the exact dollar amount of damages claimed along with the specific item of injury for each claim.  For example, Griswold provided Snow with a calculation of damages for the breach of duty of confidentiality as including $70,000,000 in damages for a reduced value of any global settlement between Griswold and the ASC Parties.  Griswold gave precise information on how the $70,000,000 figure was calculated by describing a global settlement offer made to Griswold by the ASC Parties prior to Snow's involvement in the litigation, and another offer made to Griswold for his interest in Wolf Mountain Resorts that occurred shortly after the litigation was initiated by a third-party.  Griswold then provided information on the low offer made by the ASC Parties in their latest global settlement offer of $30,000,000.

Griswold also provided the figure of $1,000,000 in damages caused by increases in attorney fees incurred by Wolf Mountain Resorts as a result of actions taken by the ASC Parties which Griswold maintains was the direct result of the ASC Parties or Snow understanding the financial relationship between Mr. Griswold and Wolf Mountain Resorts.   The exact figure is given, along with the specific description of where those damages were derived.  Griswold provided Snow with a precise computation of his damages in response to Defendant's second set of interrogatories.

2

C.  Griswold is Entitled to Claim Emotional Damages

  Griswold's complaint includes two claims for damages.  The first claim is for breach of Snow's duty of loyalty, and the second claim is for Snow's breach of the fiduciary duty of confidentiality.  The complaint does not limit Griswold's claims against Snow to a claim for a negligent breach, or an intentional breach.  Defendant Snow's discussion of the caselaw regarding emotional damages is all based on claims for negligent breaches based on law outside of the State of Utah.  At trial, Griswold will introduce evidence that a reasonable jury could use to return a verdict that Snow's breach of fiduciary duties was actually intentional, although this evidence would not preclude a finding of a negligent breach of fiduciary duty.

  Regardless of whether or not the jury finds that any breach of Snow was a negligent or intentional breach, the jury can and should award damages for any injury to Griswold which was caused by Snow's breach of fiduciary duty.  To establish causation at trial, Griswold will need to show that Snow's breach of duty was an actual and proximate cause of Griswold's injury.  *Kilpatrick v. Wiley, Rein & Fielding*, 909 P.2d 1283 (Utah Ct. Appeals 1996).  *Kilpatrick* is perhaps the seminal case on causation and damages for legal malpractice claims in Utah.  This case discussed both breach of fiduciary duty claims and legal malpractice claims based on negligence.  Under Utah law, if Griswold can show that he suffered emotional damages as an actual and proximate result of Snow's breach of fiduciary duty, he is entitled to recover for those damages.

  The cases cited by Snow for the proposition that emotional damages are not available to Griswold in this matter are distinguishable.  First, the Utah cases cited by Snow all deal with a claim for intentional infliction of emotional distress.  The courts' discussion of the allegations and evidence necessary to state a claim for intentional infliction of emotional distress have no bearing on the

availability of emotional damages in other types of claims.  Griswold's claims for breach of fiduciary duty allow for recovery of emotional damages if such damage was actually and proximately caused by Snow's breach.  *Kirpatrick*, 909 P.2d at 1289-1291.

The remaining cases cited by Snow deal with malpractice actions based on negligence, are in courts outside of Utah, and they too have no bearing on this case.  Griswold's claims are for breaches of fiduciary duty and include allegations that Snow might have acted intentionally/willfully.  Snow's caselaw discussing negligence actions against attorneys' is simply inapplicable to Griswold's claims for breach of fiduciary duty.

*Kirpatrick* clearly establishes that in Utah, a claim for breach of fiduciary duty against an attorney is actionable and distinct from a claim for attorney negligence.  *Id.* at 1290.  As stated years earlier by the Utah Supreme Court, "Mental pain and suffering in connection with a wrong which apart from such pain and suffering constitutes a cause of action is a proper element of damages where it is a natural and proximate consequence of the wrong."  *Lambert v. Sine*, 256 P.2d 241, 244 (Utah 1953).  Here, Griswold's claim against Snow is actionable regardless of the presence or absence of any emotional damages.  As the claim exists outside of the potential emotional damages, the issue as discussed in *Kirpatrick* is whether or not Griswold's emotional damages are caused by Snow's actions.  If Griswold can establish emotional damages as a direct and proximate result of Snow's actions, they are recoverable as a proper element of damages.

D.  Griswold May Testify as to the Damages Caused by Increased Attorney Fees

To show Griswold suffered damages of increased attorney fees based on Snow Christensen's use of Griswold's confidential information, Griswold must show (i) the amount of fees incurred by Wolf Mountain, and (ii) the amount of fees that it would have incurred absent Snow Christensen's

breach of its fiduciary duty.  Pursuant to *Kirpatrick*, Griswold must also show that such increase in fees

was actually and proximately caused by Snow's breach of their fiduciary duties.  *Id.*

      Griswold may testify concerning the actual fees that Wolf Mountain Resorts has incurred.

These are clearly within his knowledge and perception as a managing member.  Griswold can not be

barred from testifying regarding the litigation expenses incurred even though Griswold has not

produced Wolf Mountain Resorts attorney billing records in the litigation between the ASC Parties.

These documents are privileged and contain work product information.  The underlying litigation in the

Utah State Court Case 060500297 has been ongoing since 2006.  That litigation is highly contested, it

involves numerous claims, affirmative defenses, counterclaims and third-parties.  After four years of

litigation, that consolidated case is set for trial on January 5, 2011.

      Producing and/or presenting at trial in this matter the billing statements for Wolf Mountain

Resorts in regards to the state court litigation with the ASC Parties would provide the ASC Parties an

open window into the trial preparation and issues that Wolf Mountain Resorts is focusing on in this

incredibly important litigation.  The ASC Parties would be able to examine precisely what, and how

Wolf Mountain Resort attorneys were performing work on the state court litigation.  This information

could allow Snow to determine what areas of the cases Wolf Mountain Resort's attorneys believed

were more important, required more research, etc.  Extremely valuable work-product information

would be revealed to the ASC Parties and Snow on the eve of trial in the primary consolidated state

court case.

      In addition, Griswold can not be forced to produce attorney-client and work-product privilege

documents where Wolf Mountain Resorts holds the privilege.  Wolf Mountain Resorts currently has

another member in addition to Griswold.  As the privileges of Wolf Mountain Resorts inhere to Wolf

Mountain Resorts, and Griswold is not the sole member of Wolf Mountains Resorts, Griswold is not in a position to require the production of these records.  Indeed, given the potential insight these records would provide the ASC Parties in the state court litigation, such an action might expose Griswold to a claim by Wolf Mountain Resorts other member.

Given the circumstances of this matter, Griswold should be allowed to present evidence of the attorney fees incurred by Wolf Mountain Resorts, which he is clearly knowledgeable of.  Griswold should not be required to produce billing records, as the production of these records would be incredibly prejudicial to Wolf Mountain Resorts' persecution of the state court litigation, and Griswold can not forced to try to force Wolf Mountain Resorts to waive its privileges.

At trial, Griswold can present testimony to establish the foundation for the additional attorney fees incurred by Wolf Mountain Resorts as a result of Snow's breach of fiduciary duty.  Included in such testimony will be extensive testimony concerning the actions by Snow in the state court litigation, and why Griswold believes such actions illustrate the use of his confidential information by Snow. Griswold will also testify concerning the amount of attorney fees incurred by Wolf Mountain related to the actions in the state court case.  Finally, Griswold will testify about how the excess attorney fees incurred by Wolf Mountain Resorts injured Griswold personally.

The jury will then be able to determine if such testimony establishes more likely than not, that Griswold was damaged, and more likely than not, that such damages were caused (actual and proximate), by Snow's breaches of fiduciary duty.  In addition, after hearing the testimony presented to establish foundation and causation, the court can determine from the actual testimony given, whether Griswold has presented sufficient evidence to establish his claim for damages.  This court should not

rule on issues of foundation and speculation until it has actually heard the testimony of Griswold on such issues as foundation and causation.

## E.  Griswold May Testify as to Lost Settlement Value

To establish Griswold's claim, he must show (i) it is more likely than not, that Snow breached it's fiduciary duties, (ii) it is more likely than not that Griswold was injured in a certain amount, and (iii) it is more likely than not that the damages incurred by Griswold were actually and proximately caused by Snow's breach of it's fiduciary duties. *Kirkpatrick*, 909 P.2d 1283 (Utah Ct. Appeals (1996). Griswold, who is extremely knowledgeable concerning the real estate market, the ski industry and The Canyons Ski Resort in particular, and changes in the posture of the underlying state court litigation, can provide detailed testimony on these issues, and allow the jury to determine if more likely than not the change in settlement offers was the result of Snow's breaches of fiduciary duty.  Snow will of course be free to present evidence that the reduced settlement offer was due to other reasons.  The question will be at trial, has Griswold presented enough evidence for the jury to make the determination that more likely than not, the reduced settlement offer was based off of Snow's breach of fiduciary duty, and to what amount of this reduced offer was caused by Snow's breach.

## F.  Snow did not question Griswold on the Issues of Damages During His Deposition.

Despite the opportunity to question Mr. Griswold on the issue of damages, Snow failed to question Mr. Griswold on his claims of damages.  Attached as exhibit A is the deposition transcript of Mr. Griswold.  Snow simply does not know what evidence Griswold will present at trial.

/////

/////

G.  Griswold Should not be Forced to Disclose at this Time His Evidence and Testimony That Will Be Presented at Trial.

Griswold is not including with this response a detailed proffer of his trial testimony and evidence in regards to issues such as foundation and speculation.  Such a proffer a month prior to trial would provide Snow with a huge benefit.  It would allow Snow to focus and tailor their remaining trial preparation to Griswold's proposed testimony.  Issues such as foundation, speculation, and sufficiency of the evidence are proper questions for the court to resolve after all of the evidence has been presented.

H.  Conclusion

Griswold's evidence has not been presented to the court.  Until it has been presented, the Court should not exclude evidence on the basis that it is to speculative, or lacks foundation, or is outside of the reasonable perception of a witness.  This is especially true since Snow did not depose Griswold on these critical issues and is without knowledge concerning what Griswold's actual testimony at trial will be.  Likewise, Griswold should not be forced to disclose his trial testimony and evidence in order to defeat Snow's motion.  Emotional damages are available in a breach of fiduciary duty case in Utah, which is not based on the negligent performance of an attorney or attorney firm's duties.


MOORE & ASSOCIATES
Attorneys for Plaintiff


By:      /s/ Bruce Cully Mooore                        
         Bruce Cully Moore, OSB. 80315 (*pro hac vice*)