Paul Peters (6967)
459 Hana Hwy.
Paia HI 96779
Telephone (435) 901-2149

MOORE & ASSOCIATES
Bruce Cully Moore, OSB. 80315 (*pro hac vice*)
Scott J. Mahady, OSB. 06418
96 E. Broadway, Suite 7
Eugene, Oregon 97401
Telephone: 1-541-345-2691
Bruce@mooreslaw.com
Attorneys for Kennth W. Griswold

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **KENNETH W. GRISWOLD**,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br><br>**SNOW, CHRISTENSEN and MARTINEAU**,<br><br>　　　　　　　　　　Defendants. | Case No.  2:08-CV-197 DN<br><br>**KENNETH GRISWOLD'S OPPOSITION TO SNOW, CHRISTENSEN and MARTINEAU'S MOTION IN LIMINE TO EXCLUDE PHILLIP FELDMAN**<br><br>Plaintiff requests Oral Argument |

　　　　Plaintiff Kenneth Griswold ("Griswold") submits this response and opposition to Defendant Snow Christensen and Martineau's motion in limine to exclude Phillip Feldman at trial.  Plaintiff requests oral argument on this motion.

A.  Mr. Feldman's Deposition Testimony and Expert Report Have Not Been Proffered as Evidence

　　　　Snow has isolated specific snippets of deposition testimony and portions of Mr. Feldman's expert report as if these items alone will be presented as evidence at trial.  Then, Snow argues in support of excluding Mr. Feldman's testimony on many of the matters identified by Snow, that no facts exist to support his opinion.  It would be more accurate to state that Snow's interpretation of the facts

do not support Mr. Feldman's opinion.  Mr. Feldman's interpretation of these facts is simply something Snow does not agree with.  That is no basis for excluding an experts trial testimony prior to trial.

B. Mr. Feldman's Expert Testimony is Based on Facts and Will Assist the Trier of Fact.

The primary example of the "pervasive flaws" Snow claims justifies completely excluding Mr. Griswold's expert from testifying, comes from a snippet of Mr. Feldman's deposition that Mr. Feldman has a low opinion of Mr. Lund.  This answer is in response to questions presented by Snow's attorney.  The deposition testimony of Mr. Feldman further describes the basis for his opinion that someone reviewed Mr. Griswold's file.  Feldman Dep. at pg 72-74.  In Mr. Feldman's declaration in opposition to the motion for summary judgment, describes the series of events and facts that causes him to believe that the file was examined..  Feldman Decl. ¶¶ 5, 6, 7, 8, 9, and 10.  Included in that discussion is the specialized ethical and attorney firm management practices of conducting conflict checks, and a description of how these specialized areas of legal practice and the facts of this case lead Feldman to conclude Griswold's file was reviewed.  As shown in Feldman's declaration, his testimony at trial will be based on facts reviewed, and involve an analysis of both legal issues outside of the lay persons experiences, to form opinions that will assist the trier of fact.

Plaintiff's counsel is fully aware of the roll an expert plays in a jury trial.  Mr. Feldman's testimony will be designed to assist the trier of fact with the interaction of the legal profession and legal ethics with the facts of this matter.  A review of Mr. Feldman's declaration regarding his opinion that the file of Mr. Griswold was examined shows that this opinion is based on a number of factual issues, combined with examining the specialized area of legal practice and legal practice management as described in the declaration.  Mr. Feldman is not going to simply state an unsubstantiated conclusion that Mr. Lund conducted a nighttime raid on the file.  Mr. Feldman's full declaration, as opposed to the

single snippet of deposition testimony that is analyzed in isolation, more accurately reflects the type of testimony and its basis that will be presented at trial.

Plaintiff's counsel is cognizant of Defendant Snow's objections, and while counsel believes these objections are without merit, he will be carefully preparing Mr. Feldman's direct testimony to insure that it conforms to the requirements for expert testimony.

C.  Informed Consent and Snow's Use of Confidential Information.

Snow's argument that Feldman's opinion on informed consent is without factual support is simply the parties disagreeing on the length of Snow's representation of Griswold.  Snow's objection to Feldman's deposition testimony on informed consent results from this dispute.  (To be clear, Feldman's deposition testimony is not, and was not a supposed to be, a simple sentence by sentence recitation of the testimony he was going to offer at trial.)   Snow's argument that Feldman has no facts to support an opinion on Snow failing to obtain informed consent is based on their position that Griswold was no longer a current client when they began representing the adverse American Skiing Company, and ASC Utah, Inc. parties.  If, as Griswold and Feldman believe, Griswold was a current client of Snow when they began representing the ASC Parties in 2006, Snow would have been required to obtain informed consent at that time, not back in 2000.

Feldman's deposition testimony is simply expressing a single aspect of his opinion on this matter to Snow's counsel in response to a specific question.  It is not at representative of what his full testimony at trial will be like.  Again, looking at the declaration of Mr. Feldman filed in opposition to Snow's motion for summary judgment, Feldman clearly and without inflammatory adjective, describes his opinion on when the representation of Griswold terminated, and the facts supporting this position. Feldman Dec. ¶ ¶ 3 and 4.

The issue of Snow's potential use of Griswold's confidential information is likewise based on Snow's position that the issue of tax liens and a prior bankruptcy form the sole basis for Griswold's claim. But Mr. Feldman has described in detail the facts and circumstances which he used to form his opinion that Snow has used Griswold's confidential information and what that information was. Feldman Decl. ¶¶ 8-14. Snow may at trial attempt to discredit Feldman's opinion based on an examination of what issues Feldman did or did not consider in forming his opinion. But to argue that an expert's opinion must be excluded because their report does not indicate that they did not consider certain possibilities is overreaching. No expert should be charged with indicating **everything** they did and did not consider in drafting their report. Snow's arguments are properly dealt with during cross-examination of Feldman.

D.  Snow's Breach of Loyalty

As above, much of Snow's argument is based on their blanket refusal to credit the facts cited by Feldman in support of his opinion. For example, Snow argues as if it is undisputed, that it's representation of Griswold had to end in 2000. Much of Snow's argument appears to be that Feldman need "a smoking gun" to reach an opinion, and circumstantial evidence is insufficient. This of course is simply an incorrect.

E.  Snow's Breach of Fiduciary Duty as a Proximate Cause of Griswold's Damages

Proximate cause, is distinct and separate from 'but for' cause in fact, and it rests much more the substantial probability and foreseeability of an action causing a particular type of injury to a particular type of individual. *Kilpatrick v. Wiley, Rein & Felding*, 909 P.2d 1283 (Utah Ct. App.). As discussed in Feldman's expert report, the standard for causation is a complex issue, which a legal expert in malpractice, breach of fiduciary duty, and ethics is well equipped to assist the trier of fact understand.

Griswold will be required to present evidence that 'but for' the actions of Snow, he would have benefitted.  At trial, Feldman will present expert opinion only on the issue of proximate cause.  While Snow states that Feldman should not be allowed to present testimony on proximate causation, they then discuss matters related to actual, or 'but for' causation in arguing that Feldman's testimony should be excluded.

Feldman is expressly not going to present evidence of cause in fact, and this is expressly indicated in his expert report as cited by snow.

**Conclusion**

Snow's arguments for exclusion are almost entirely based on examining a snippet of deposition testimony or the expert report in isolation.  Feldman's deposition was taken by Snow, and was not intended to by Feldman to supplant his trial testimony.  Feldman answered the questions put to him.  As shown by Feldman's declaration submitted in response to Snow's motion for summary judgment, Feldman's trial testimony will fully discuss the factual basis and reasoning of his opinions on matters of legal experience that is outside of the range of knowledge of a lay person to assist the trier of fact on these complex and specialized issues.

Dated:  August 19, 2010.

            MOORE & ASSOCIATES
            Attorneys for Plaintiff

      By:  /s/ Bruce Cully Mooore
          Bruce Cully Moore, OSB. 80315 (*pro hac vice*)