**ANDERSON & KARRENBERG**
Thomas R. Karrenberg (#3726)
Stephen P. Horvat (#6249)
Samantha J. Slark (#10774)
50 West Broadway, Suite #700
Salt Lake City, Utah 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697
tkarrenberg@aklawfirm.com
shorvat@aklawfirm.com

**Counsel for Defendant**

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | | |
|---|---|---|
| KENNETH W. GRISWOLD, | ) ) ) | **MEMORANDUM SUPPORTING DEFENDANT'S MOTION TO STRIKE NOTICE OF SUPPLEMENTAL AUTHORITIES** |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| SNOW, CHRISTENSEN & MARTINEAU, | ) ) ) | |
| Defendant. | ) ) | Civil No. 2:08-cv-00197 TC |

---

Defendant Snow Christensen & Martineau submits this memorandum in support of its motion to strike the Notice of Supplemental Authorities filed by Plaintiff on October 12, 2010 (Docket Entry 113). The Notice is improper because it presents an entirely new argument, long after the briefing has been concluded and the matter submitted. Further, because the cases Griswold cites are several years old, Griswold could have presented this new argument in his opposition memorandum. The Court should therefore disregard the Notice in its entirety.

If, however, the Court *is* going to consider the argument raised in the Notice, then Snow Christensen respectfully requests that the Court also consider Snow Christensen's response to that argument, set forth in the proposed Supplemental Reply Memorandum Supporting Motion for Summary Judgment, attached as Exhibit A hereto.

## BACKGROUND

1.    Griswold filed his claim against Snow Christensen in September 2007; the case was transferred to this Court on March 12, 2008.  (Docket Entry 1.)

2.    Griswold's claims include a cause of action for breach of the duty of confidentiality and one for breach of the duty of loyalty.  Throughout this action, Snow Christensen has vehemently disputed all of Griswold's claims and denies that it breached any duty it owed to Griswold.

3.    On April 1, 2010, after the close of discovery, Snow Christensen moved for summary judgment.  (Docket Entry 48.)

4.    Among other things, Snow Christensen argued that Griswold's claims fail because he cannot present any evidence that he suffered any injury or harm as a result of any alleged breach of duty by Snow Christensen.  (See Docket Entry 49, at 23-24, 28-29.)

5.    In his opposition memorandum, filed May 21, 2010, Griswold argued that he was harmed by Snow Christensen's alleged breaches in three ways:  (i) the settlement value of Wolf Mountain, L.C.'s lawsuits against American Skiing Company had diminished; (ii) Wolf Mountain incurred excess attorney fees in that litigation due to Snow Christensen's "slash and burn" litigation tactics; and (iii) he was unable to make a loan payment and thus was required to yield a certain percentage of his ownership of Wolf Mountain.  (See Docket Entry 66, at 15-18.)

6.      Snow Christensen's reply memorandum, filed June 11, 2010, responded to all of these claims of harm.  (<u>See</u> Docket Entry 80, at 4-5, 9-10, 13-14.

7.      Oral argument took place on August 24, 2010.   Griswold argued the same damages theories at oral argument as he had in his opposition memorandum.

8.      On October 12, 2010, however, Griswold filed his Notice of Supplemental Authorities, citing two Utah cases (from 2001 and 2005) and asserting that the cases "are submitted on the issue of damages to show that one element/portion of Griswold's damages resulting from the Defendant's breach of fiduciary duty includes *the reasonable attorney fees incurred in this action*."  (Notice, Docket Entry 113, at 1 (emphasis added).)

## <u>ARGUMENT</u>

Courts uniformly recognize that a rule such as Local Rule 56-1(d), which allows the filing of supplemental authorities after briefing on a motion has been completed, cannot be used to raise new arguments.  Instead, these provisions are far more limited, allowing the citation of new authorities only if they are submitted to support an argument the party has already made.  As the Southern District of Florida has explained, "a 'notice of supplemental authority' that raises an argument that is not in defendant's previous memorandum in opposition is in fact an attempt at a sur-response, which is not permitted in the absence of court order."   <u>United Broadcasting Corp. v. Miami Tele-Communications</u>, 140 F.R.D. 12, 13 (S.D. Fla. 1991).  Similarly, the Sixth Circuit refused to consider an argument raised for the first time in a letter filed under Rule 28(j) of the Federal Rules of Appellate Procedure, the equivalent of Local Rule 56-1(d):  "We will not consider this argument because Superior Bank did not make it in its brief, and a letter submitted pursuant to Rule 28(j) *cannot* raise a new issue."   <u>In re Lewis</u>, 398 F.3d 735, 748 n.9 (6th Cir.

2005) (citation and punctuation omitted; emphasis in original).  See also U.S. v. Nason, 9 F.3d 155, 163 (1st Cir. 1993) (refusing to consider new argument in Rule 28(j) letter); Valdez v. Mercy Hosp., 961 F.2d 1401, 1404 (8th Cir. 1992) ("We agree that this new issue [raised in a supplemental authority letter] has not been raised in a timely manner and is not properly before us in this appeal.").

Griswold's notice apparently argues that Griswold can satisfy the "harm" element for a claim for breach of fiduciary duty by incurring attorney fees pursuing the fiduciary duty claim itself.  Griswold did not make this argument in his opposition memorandum – or even at oral argument.  Accordingly, this is a new argument.  As explained in United Broadcasting, considering such an argument presented for the first time in a Notice of Supplemental Authority would enable Griswold to circumvent Local Rule 56-1(b), which states that after the reply is filed, "no additional memoranda will be considered without leave of court."  Griswold has not sought leave to file a sur-response.

Snow Christensen therefore respectfully submits that the Court should not consider Griswold's Notice.  Given that Snow Christensen filed its summary judgment motion in March, and the hearing took place in late August, Griswold had plenty of time to come up with arguments in opposition to Snow Christensen's motion.  Allowing Griswold to add new arguments at this late stage would make a mockery out of the briefing process and the local rules.

If the Court is going to consider the argument and authorities, however, then Snow Christensen respectfully submits that it is entitled to submit a response for the Court's consideration as well.  Put simply, Griswold's latest argument utterly lacks merit, for several reasons.  Therefore, Snow Christensen requests that if the Court is unwilling to strike Griswold's

Notice of Supplemental Authorities, then the Court consider Snow Christensen's Supplemental Reply Memorandum Supporting Motion for Summary Judgment, attached hereto as Exhibit A. The supplemental reply is limited to addressing the issue raised in the Notice.

<strong><u>CONCLUSION</u></strong>

Snow Christensen therefore requests that the Court strike and/or disregard the Notice of Supplemental Authorities, as it clearly violates Local Rule 56-1(d).  If the Court decides not to do so, however, then Snow Christensen requests that the Court consider Snow Christensen's supplemental reply memorandum.

DATED:  October 18, 2010.

ANDERSON & KARRENBERG


*/s/ Stephen P. Horvat*
Thomas R. Karrenberg
Stephen P. Horvat
Samantha J. Slark
**Counsel for Defendant**