# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| KENNETH W. GRISWOLD, an individual, Plaintiff, v. SNOW CHRISTENSEN & MARTINEAU, a Utah professional corporation, Defendant. | **MEMORANDUM DECISION and ORDER** Case No. 2:08-cv-00197-TC Judge Tena Campbell |

Defendant Snow Christensen & Martineau (Snow Christensen) represented American Skiing Company (ASC) in a lawsuit against Wolf Mountain; Plaintiff Kenneth Griswold is a majority owner of Wolf Mountain. Before representing ASC, Snow Christensen had represented Mr. Griswold in a personal tax matter. Mr. Griswold has now brought suit against Snow Christensen claiming that it breached its fiduciary duties of confidentiality and loyalty. Snow Christensen has moved for summary judgment on all claims. Mr. Griswold moved for summary judgment on the breach of loyalty claim. The court assumes, for purposes of this order only, that Snow Christensen continued to represent Mr. Griswold at the time of the ASC litigation. But because Mr. Griswold has not shown that Snow Christensen's representation of ASC caused Mr. Griswold damage, the court DENIES Mr. Griswold's motion for summary judgment and GRANTS Snow Christensen's motion for summary judgment. The court GRANTS in part Snow Christensen's motion to strike the affidavit of Phillip Feldman because much of Mr. Feldman's proposed testimony is not admissible under Federal Rule of Civil Procedure 702. The court DENIES as moot Snow Christensen's motion to strike the affidavit of Kenneth Griswold.

BACKGROUND

Sometime in 1999 and 2000 Max Wheeler, an attorney with Snow Christensen, spent a little over eight hours reviewing Mr. Griswold's tax returns in connection with a criminal tax investigation regarding Mr. Griswold's failure to file his personal tax returns. As part of this representation, Mr. Griswold paid Mr. Wheeler a $15,000 retainer which would be returned "at the conclusion of [the firm's] services . . . ." (Letter from Max Wheeler to Kenneth Griswold, May 7, 1999, attached as Ex. 2 to Pl.'s Mem. in Supp. of Mot. Summ. J.) After Mr. Wheeler reviewed and filed Mr. Griswold's back tax returns for 1992-1998 in early 2000, Mr. Griswold had no further contact with the firm. Snow Christensen did not return the retainer until 2007.

In October 2005, Snow Christensen began representing ASC. ASC leases land from Wolf Mountain. The ground lease between ASC and Wolf Mountain has been subject to extensive litigation. Although John Lund, the Snow Christensen attorney representing ASC, ran a conflicts check that included Mr. Griswold, he misspelled Mr. Griswold's last name and did not discover the conflict. Snow Christensen first learned of the conflict on July 31, 2007, when Mr. Griswold's counsel wrote a letter to Mr. Lund informing him that there may be a conflict. After Snow Christensen received the letter, it sent a letter to Mr. Griswold informing him that its representation of him had ended March of 2000 and returned the retainer money with interest from that time.

Mr. Griswold claims that Snow Christensen's representation of him continued until 2007, after he notified Snow Christensen of the conflict. He contends that the representation continued "long after Mr. Wheeler . . . had filed [his] tax returns. . . . because the Internal Revenue Service had a statute of limitations period for pursuing claims against a taxpayer for under-reporting

income on a filed tax return or filing a fraudulent tax return." (Griswold Dec. ¶¶ 6-7, attached as Ex. 1 to Pl.'s Mem. in Supp. of Mot. Summ. J.) Mr. Griswold claims that the confidential information he shared with Mr. Wheeler has influenced the manner in which Snow Christensen has represented ASC in the litigation against Wolf Mountain. Snow Christensen disputes these assertions.

Mr. Griswold filed suit against Snow Christensen for breach of fiduciary duty, claiming that Snow Christensen disclosed his confidential information to third parties and breached its duty of loyalty. Mr. Griswold also seeks a declaratory judgment that Snow Christensen cannot continue to represent ASC in litigation against Wolf Mountain, even though Mr. Griswold has not sought this remedy in the litigation currently pending in Utah state court.

ANALYSIS

The court grants summary judgment when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The court "view[s] the evidence and make[s] all reasonable inferences in the light most favorable to the nonmoving party." N. Natural Gas Co. v. Nash Oil & Gas, Inc., 526 F.3d 626, 629 (10th Cir. 2008).

Motion to Strike

An expert cannot give opinions on matters that are committed exclusively to the finder of fact. 4 Joseph M. McLauchlin, Weinstein's Federal Evidence, § 702.03 [3] (2d ed. 2010). This includes, for the most part, issues relating to subjective intent or motivation. For that reason, Mr. Feldman's testimony about the subjective intent or motivation of Snow Christensen and its attorneys is stricken.

Moreover, as with any testimony, an expert must have some foundation for his or her opinions. Much of Mr. Feldman's testimony lacks any foundation whatsoever. For example, Mr. Feldman gives several opinions on information used by Snow Christensen in the litigation between ASC and Wolf Mountain. But Mr. Feldman gives no explanation regarding how he knows what information Snow Christensen had in its files, what information was confidential, and what information Snow Christensen used in the litigation. Similarly, Mr. Feldman opines about the ASC settlement offers. But nothing in his testimony establishes why Mr. Feldman is qualified to offer such opinions nor what evidence he has used to support these opinions. Consequently, all such testimony by Mr. Feldman is stricken.

Legal Malpractice/ Breach of Fiduciary Duty

"The essential elements of legal malpractice based on breach of fiduciary duty include the following: (1) an attorney-client relationship; (2) breach of the attorney's fiduciary duty to the client; (3) causation, both actual and proximate; and (4) damages suffered by the client." Roderick v. Ricks, 2002 UT 84 ¶ 29, 54 P.3d 1119 (citations omitted). "[F]ailure to demonstrate proximate cause mandates dismissal of a legal malpractice action . . . ." 7 Am. Jur. 2d Attorneys at Law § 201. "In order to prove proximate cause, a plaintiff must show that the lawyer's breach of a duty of care was a legal cause of injury . . . ." Crestwood Cove Apts. Bus. Trust v. Turner, 2007 UT 48 ¶ 31, 164 P.3d 1247 (internal citation omitted). Although proximate cause is generally a question of fact, the court may determine that no proximate cause exists as a matter of law if the underlying facts are not disputed or if the alleged damages are speculative. Id. ¶ 32.

### Information Mr. Wheeler Obtained During His Representation of Mr. Griswold

Mr. Griswold testified that he hired Mr. Wheeler "to assist [him] with handling of certain

tax issues including the filing of [his] personal tax returns for tax years 1992 - 1998." (Griswold Dec. ¶ 3 attached as Ex. 1 to Pl.'s Mem. in Supp. of Mot. for Summ. J.)  He testified that in connection with Mr. Wheeler's representation of him, Mr. Griswold "disclosed that [his] primary income for 1998 and thereafter was and would be rental income from [ASC] that passed through Wolf Mountain Resorts, L.C." due to the ground lease that had been executed in 1997.  (Id. ¶ 11.)  Mr. Griswold did not testify that he provided Mr. Wheeler with a copy of the ground lease or that he discussed in any detail with Mr. Wheeler the terms of the ground lease.  (See id.)

In Mr. Griswold's initial letter informing Mr. Lund of the potential conflict of interest, Mr. Griswold wrote that Snow Christensen "represented [him] concerning possible civil liability and penalties related to IRS and Utah State Tax Commission investigations concerning [his] ownership and operation of what is now known as the Canyons Ski Resort." (Letter from Kenneth Griswold to David Slaughter 2 attached as Ex. 5 to Pl.'s Mem. in Supp. of Mot. for Summ. J.)  He further claimed that as part of the earlier representation, he disclosed personal and confidential information concerning his "business practices, business relationships, business contracts, personal and business financial status and history, and details concerning the operation of [his] various businesses . . . [,] and highly confidential details, documents, and other information that is known only to me and my attorneys related to The Canyons Ski Resort and resort development and the dealings and negotiations with ASC."  (Id.)

Mr. Wheeler has testified that in order to represent Mr. Griswold in his personal tax matter,  he "obtained basic information that would allow me to represent Mr. Griswold in relation to trying to avoid criminal liability for the late filing of his tax returns." (Dec. of Max Wheeler ¶ 11, attached as Ex. 2 to Def.'s Mem in Supp. of Mot. for Summ. J.)

5

Mr. Griswold's Damages

In order to show a breach of fiduciary duty Mr. Griswold must show that Snow Christensen's misuse of his confidential information caused the damages he alleges. Snow Christensen caused Mr. Griswold's damages if its conduct was "a substantial factor in bringing about the harm." Restatement (Second) Torts § 431. The court should only grant summary judgment if the facts taken in the light most favorable to Mr. Griswold demonstrate that Snow Christensen's alleged breach did not cause Mr. Griswold's alleged damages. USA Power, LLC v. PacifiCorp, 2010 UT 31, ¶ 64, 235 P.3d 749. Mr. Griswold's chief claim of damage is that Snow Christensen used confidential information he had given Mr. Wheeler in the Wolf Mountain litigation.

Mr. Griswold points to two pieces of information that he contends Snow Christensen used causing him to suffer damage: that Mr. Griswold filed his tax returns late and that Mr. Griswold's finances were tied to Wolf Mountain. Mr. Griswold claims that the misuse of this confidential information caused (1) a reduction in the offer of settlement in the litigation proceedings between Wolf Mountain and ASC, (2) a substantial increase in attorney fees resulting from the litigation, and (3) the inability of Mr. Griswold to make a balloon payment to his partner, causing Mr. Griswold to lose sole control over Wolf Mountain Resorts.

But Mr. Griswold's only evidence that tends to show that Snow Christensen used his confidential information in any way is a question asked during a deposition. Specifically, Mr. Lund asked Mr. Griswold's business associate, Christopher Conabee, whether Mr. Griswold was current on filing his personal tax returns. (Deposition of Christopher Conabee, Consolidated

Case 060500297, at 123:17-124:4 (attached as ex. 18 to Def.'s Mem. in Supp. of Mot. for Summ. J.) But even if Mr. Lund obtained this information from Mr. Wheeler rather than from his California co-counsel as he asserts, Mr. Griswold has not shown how asking Mr. Conabee this question damaged him.

Mr. Griswold admits that he cannot claim that the ASC litigation would never have occurred if Snow Christensen had declined to represent ASC. Although Mr. Griswold makes the conclusory statement that Snow Christensen engaged in "slash and burn" litigation, he has not pointed to any particular part of the litigation where Snow Christensen behaved unreasonably or to any particular tactic that can be linked to the confidential information.

The nature of Mr. Wheeler's representation of Mr. Griswold is too attenuated from Mr. Lund's representation of ASC to show, without more, that any dual representation or breach of fiduciary duties could have caused Mr. Griswold's damages. The recent case of USA Power, LLC v. PacifiCorp is instructive. There the Utah Supreme Court reversed the district court's grant of summary judgment for an attorney on a breach of confidentiality claim because fact issues about causation remained. USA Power, 2010 UT 31, ¶ 64. The attorney in that case represented the plaintiff in securing purchase options for certain water rights in conjunction with a power plant development. Id. ¶ 16. Either during or shortly after terminating her relationship with the plaintiff, the attorney represented a rival company that sought to obtain water rights in the same area for the same purpose. Id. ¶ 18.

Although the attorney claimed that she never discussed her prior representation with the subsequent client, the Utah Supreme Court held there was a genuine issue of fact about whether the attorney shared or used the information gleaned from the first representation in the second

representation. Specifically, the court held that the similarities between the plaintiff's project and the subsequent client's project and the speed at which the subsequent client was able to develop the project was circumstantial evidence that the attorney disclosed the plaintiff's confidential information. Id. ¶¶ 58, 66. The court held that there was an issue of material fact concerning the plaintiff's breach of confidentiality and breach of loyalty claims.

Unlike in USA Power, here Snow Christensen did not represent Mr. Griswold and ASC on substantially factually similar issues. Mr. Wheeler engaged in time-sensitive tax matters for Mr. Griswold personally. See Roderick v. Ricks, 2002 UT 84 ¶ 54, 54 P.3d 1119 ("When work for a client involves 'time-sensitive matters [such as] assets, liabilities and income' the risk of improper use of confidential information diminishes over time."). Snow Christensen's representation of ASC concerned a contract dispute with a company owned by Mr. Griswold. Even if Mr. Wheeler disclosed the information about Mr. Griswold's previous tax information, there is no reasonable inference that such disclosure would damage Mr. Griswold.

Further, the plaintiff in USA Power alleged with specificity how the attorney's prior representation of it affected her subsequent representation of the rival company. As a result of the breach of confidentiality and loyalty, the attorney had the knowledge to orchestrate a power plant development within time constraints that would not have been possible had she not previously represented the plaintiff. Id. ¶ 69.

In this case Mr. Griswold has merely alleged that the litigation would have been different had Snow Christensen not represented ASC, but he has not pointed to any specific aspect of the litigation that would have changed. Even the declaration of Phillip Feldman, which the court has stricken, does not specifically link Snow Christensen's prior representation of Mr. Griswold with

its current representation of ASC. Rather, the declaration merely states that such a link exists. Mr. Griswold also alleges that the settlement offer from ASC has changed based on Snow Christensen's breach. But again he fails to explain a plausible link between Snow Christensen's knowledge of his personal tax information from the nineties and a reduction in settlement offer in the ASC litigation. Without this causal connection, Mr. Griswold's claims for legal malpractice cannot survive summary judgment.

CONCLUSION

Because Mr. Griswold cannot show that Snow Christensen's alleged breach of fiduciary duties caused the damages he sustained, the court GRANTS Snow Christensen's motion for summary judgment and DENIES Mr. Griswold's partial motion for summary judgment.

DATED this 19th day of October, 2010.

BY THE COURT:

_____
TENA CAMPBELL
Chief Judge